BREED *v.* NORTHERN PAC. R. Co.

(*Circuit Court, D. Minnesota.* June 19, 1888.)

1. EVIDENCE—JUDICIAL NOTICE—TERRITORIAL STATUTES.
   In an action for personal injuries resulting in the death of plaintiff's intestate, received in the territory of Dakota, the case having been begun in a state court and removed to the United States circuit court, the latter court will take judicial notice of the Dakota statute giving the right of action to the representatives of the deceased, although the statute was not pleaded or proved.

2. NEW TRIAL—DISCRETION OF COURT.
   Where an action for injuries received in the territory of Dakota, begun in a state court and removed to the United States circuit court, has been prosecuted by the personal representatives, upon the theory that there is a statute in Dakota giving the right of survival, and there is in fact such a statute, a motion for a new trial on the ground that the statute was not pleaded or proved, being addressed to the discretion of the court, will not be granted.

At Law. On motion for new trial.

Action by D. F. Breed, administrator, against the Northern Pacific Railroad Company, for personal injuries resulting in the death of plaintiff's intestate.

*C. D. O'Brien,* for plaintiff.

*John C. Bullitt,* for defendant.

BREWER, J. This is a motion for a new trial. The case was tried before Judge NELSON, who heard the motion for a new trial, and overruled all points save one, which he referred for future argument before me. The decedent was injured and killed in the territory of Dakota, and this action is brought by the administrator to recover for his death. Of course,

at common law there was no survival of an action of this kind, and the right of action depends solely upon the local statute.   If in the jurisdiction where the accident occurred there was no survival of such action, it is abundantly settled by the authorities that no action could be maintained here, though the laws of this state give a survival.   The case was commenced in the state court, and removed to this, and tried here.   There was no allegation in the complaint, and no proof made on the trial, that the territory of Dakota had any statute of survival of such an action; and it is contended that that is a fatal defect in the complaint and in the proof.   Doubtless, if the case had been tried in the state court, the objection would have been good; at least if taken in time.   The courts of one state do not take judicial notice of the laws of another, and when a cause of action rests upon a foreign statute, then the statute must be pleaded and proved.   But it is equally well settled that courts of the United States take judicial notice of the laws of all the states, as well as of those of congress, and why should they not also take judicial notice of the laws of the territories?   The United States supreme court has held in several cases that courts of the United States take judicial notice of the laws, not merely of the states in which they are held, but of the other states of the Union.   Upon what does that rest?   And why do not the courts of the state of Minnesota take judicial notice of the laws and statutes of other states?   Simply because they are the laws and statutes of a foreign jurisdiction.   A court is presumed to know, and is charged with notice of, the general laws and statutes which obtain and are in force within the sovereignty which creates it, and under which it acts. The courts of the United States take their jurisdiction from the general government, and therefore take judicial knowledge of all the general laws in force within the territory over which its sovereignty extends.   This is decided as to laws of the states; and it seems to me that the same principle compels as well judicial notice of the laws of the District of Columbia, and of every territory.   The territories are as much, if not more, within the jurisdiction of the general government than the states.   While in some respects there is a separation of the jurisdiction between the states and the general government, yet they all, states and territories, group under the general jurisdiction of the one government from which this court takes its authority to act.   So I conclude that the courts of the United States are bound to take judicial notice of the laws, not merely of every state, but of the District of Columbia, and of every territory in the Union; because all in their primary source reach back to the government under which the federal court holds its authority.   So that, if this action had been brought originally in this court, it seems to me clear that there would have been no necessity for alleging or proving the law of the territory of Dakota.

But it is insisted that, as this case was commenced in the state court, the pleadings must be tried by the rules which control pleadings in that court, and that they should have the same force and effect as in the state court.   The pleading was not challenged in the state court.   If a demurrer had been filed there that court might have passed upon it, and if

the demurrer had been filed here it would have presented a mere question of pleading upon which this court could have ruled as the state court would have done. But when a case comes on for trial in this court it depends not merely upon the laws of the state of Minnesota in matters of evidence, the taking of depositions, and things of that kind affecting the trial; the parties do not depend alone upon the state law, but either can avail himself of every law and of every right which is given by the federal statutes, or is recognized in the federal courts. So that, whatever might have been the ruling of the state court, if the case had remained there, this court treats the pleadings as if it had been originally commenced here. Either party has the right to insist that the construction of that pleading, and the rules which control the trial and the enforcement of the judgment, shall be such as are guarantied to him by, and recognized and practiced in, the federal courts. So that objection is not tenable.

But beyond all this there is another question. Motions for new trials in common-law cases in the federal courts are not matters of right; they are appeals to the discretion of the court. No error lies to the granting or refusing a motion for a new trial. This case was tried upon the theory that there was a statute giving the right of survival, and, as a matter of fact, there is such a statute. As far as any questions of liability under such a statute are concerned, they have been determined by the jury, and approved by the trial judge, and nothing is left but this single question. Now, when a case is tried upon the theory that there is a statute giving a right, and there is in fact such a statute, substantial justice forbids that the verdict shall be set aside simply because there has been no formal averment of the existence of such a statute. Neither party was misled; each party tried the case upon the theory that there was such a statute, and upon such theory the plaintiff is shown to be entitled to a verdict. It would be subordinating substance to form, and justice to mere technicalities, to say that because there was no formal averment of such a statute the court must set aside the judgment and order a new trial; so, for that reason, as well as for the other, the motion for a new trial must be denied. Ordered accordingly.